## Stafford v. Ryan

*W. J. Sangston*, for plaintiff.

*A. E. Jones, Jr.*, for defendant.

MORROW, J., February 17, 1942.—In the estate of Michael M. Waldron, deceased, letters testamentary were issued to his widow, Lizzie M. Waldron, and his niece, Anna W. Ryan, on July 15, 1931. The beneficiaries under the will were the said widow and niece and his daughter, Rona Stafford, in the will named Katherine W. Stafford. The daughter's husband is Robert Stafford. Difficulties arose and, with a view of effecting an amicable settlement, an agreement was made under date of June 19, 1933. It was between Anna W. Ryan, of the one part, and Lizzie M. Waldron, widow, and Rona Stafford and her husband, of the other part. The agreement pertained to debts and both real and personal property.

After this settlement agreement Mrs. Ryan, on July 31, 1933, filed in the orphans' court a supplemental account purporting, as we understand, to be under and pursuant to the agreement of settlement. To this account 10 exceptions were filed.

In the opinion of Dawson, president judge of the orphans' court, it is stated: "The result of our conclu-

sions shows that the exceptions are sustained to the extent of $247.75 and disallowed to the extent of $237.85." However, the decree is as follows:

"And now, January 18, 1934, upon and after due consideration, the court orders and decrees as follows:

"First:—The partial account filed at no. 16, September term, 1932, and the supplemental account as a final account, filed at the same number and term, as corrected are confirmed.

"Second:—The exceptions filed to the first and partial account are dismissed.

"Third:—The exceptions filed to the supplemental and final account are disposed of as follows:

"Exceptions nos. 1 and 10 are dismissed.

"Exception no. 5 is dismissed to the extent of $150 and sustained to the extent of $170.

"Exception no. 8 is sustained to the extent of $11.20 and dismissed to the extent of $16.80.

"Exceptions nos. 2, 3, 4, 6, 7, and 9 are sustained."

Under date of April 23, 1940, a præcipe directed to the prothonotary was filed. It was styled "Rona Stafford Executrix of Lizzie Waldron, deceased, plaintiff, v. Anna Ryan, defendant", and was signed by attorney for plaintiff. It reads as follows:

"Enter judgment in above styled case in the sum of two hundred fifty-five and 25/100 dollars ($255.25) with interest from January 18, 1934, in favor of Plaintiff and against the defendant Anna Ryan. Transcript of Orphans' Court decree filed herewith".

The prothonotary entered judgment as directed.

The decree above recited was filed with the præcipe; also attached was the opinion accompanying the decree, from which the information above stated has been extracted. The death of Mrs. Waldron may be inferred from the style of the præcipe filed, but when it occurred and the extent of her personal interest in the exceptions sustained by the decree aforesaid did not appear at the above stated number and term when the judg-

ment was entered. Rona Stafford and her husband, Robert Stafford, were parties to the settlement agreement as aforesaid.

Under date of July 14, 1941, the attorney filing the præcipe quoted above filed a second præcipe directing the prothonotary to issue writ of fieri facias upon the judgment entered as aforesaid. This writ was issued to no. 35, June term, 1941, execution docket.

On July 18, 1941, a petition by Anna Ryan was presented to this court, reciting, inter alia, that pursuant to said writ levy was made by the sheriff on the personal property of petitioner, contrary to section 51 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §870. A rule was granted to show cause why the levy should not be set aside. The disposition of this rule is one of the matters now for decision.

The law cited provides with respect to executions and judgments entered by virtue of an orphans' court decree, as follows: "Executions may be issued thereon out of said court of common pleas, against the real estate only of such fiduciary, . . ." It seems clear that the levy on the personal property of Anna Ryan is in contravention of said law and that the rule mentioned should be made absolute.

The second question herein arises from another petition of Anna Ryan filed August 27, 1941. This petition recites the entry of the judgment aforesaid and alleges that the opinion and decree of the orphans' court does not contain such surcharge or other evidence of indebtedness of defendant as may be filed in the office of the prothonotary and indexed as a judgment under the above-mentioned section 51 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §870; that the surcharge was irregularly entered and for an amount not mentioned in the opinion or decree; and that, by the terms of the agreement, an alleged copy of which is attached to the petition, all assets recovered in the estate of Michael M. Waldron, deceased, were

to be paid to the creditors of said estate and that plaintiff was not entitled to enter any judgment against petitioner.

A rule was granted by this court on the above-named plaintiff to show cause why the judgment should not be stricken off.

The answer to this petition does not deny that the copy of the settlement agreement attached to the petition is correct. The last paragraph of this agreement is:

"Any balance in the hands of the executrices or either of them as shown by the said account as amended and approved shall be applied to the outstanding indebtedness."

We find nothing in the decree of the orphans' court referred to in the praecipe as the basis of the judgment directed to be entered that in any way warrants the entry of judgment for $255.25, with interest from January 18, 1934, in favor of Rona Stafford, executrix of Lizzie Waldron, deceased, and against Anna Ryan. It follows that the rule to show cause why this judgment should not be stricken off must be made absolute.

In this connection it may be observed that Matthews, president judge of the orphans' court, in an opinion in the estate of Michael M. Waldron, deceased, filed March 27, 1940, has clearly pointed out the obligations of the parties to the settlement agreement and the course of procedure to be followed by counsel in securing a complete and final adjudication with respect thereto. It is noted that the praecipe for the entry of judgment herein was filed subsequent to the opinion of Judge Matthews. Had the way shown by the opinion been followed the course of procedure herein would not have been adopted.

## Order

And now, February 17, 1942, after consideration, it is ordered and decreed that the rules to show cause issued herein, the one on July 18, 1941, and the other

on August 28, 1941, are both made absolute, and the levy at no. 35, June term, 1941, E. D., is set aside and the judgment herein at 884, March term, 1940, is stricken off.